IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

FREDERICK BANKS, #05711-068                                               PETITIONER

VERSUS                                      CIVIL ACTION NO. 5:08cv318-DCB-MTP

MS. "UNKNOWN" HUNT, et al.                                              RESPONDENTS

MEMORANDUM OPINION

This matter is before the court, <u>sua sponte</u>, for consideration of dismissal. Petitioner, an inmate incarcerated at the Federal Correctional Institute, Yazoo City (FCI-Yazoo), Mississippi, filed this petition for habeas relief pursuant to 28 U.S.C. § 2241 on December 1, 2008 and paid the filing fee. The named respondents are Ms. Hunt, A.W. Pitts, Bruce Pearson, Sandra Lutton, and Federal Bureau of Prisons. As relief, the petitioner is requesting an evidentiary hearing and that the respondents be ordered to lift all encumberances on petitioner's inmate account, order all money taxed be replaced, enjoin respondents from further activity and to calculate the IFRP and PLRA properly.

Background

In his original petition [1] for habeas relief pursuant to 28 U.S.C. § 2241, petitioner stated the following as the only ground for habeas relief:

Ground one: BOP and Respondents violated the Due Process Clause by failing to properly administer the IFRP Program and the PLRA.

To support this request for habeas relief, the petitioner explained that during February 16, 2007, to October 20, 2008, respondent Lutton along with the other respondents wrongfully encumbered his inmate account which violated his liberty interest in his inmate account. The petitioner further claimed that his inmate account was encumbered when no previous income was received in his account for the preceding month.

An order [2] was entered on January 13, 2009, directing petitioner to provide additional information concerning his claims relating to the Inmate Financial Responsibilities Program. He filed a response [3] on January 16, 2009. In his response [3], petitioner stated that his inmate account had not been encumbered pursuant to the Inmates Financial Responsibilities Program, but as a result of the Prison Litigation Reform Act.

Additionally, the petitioner stated in his original petition [1] that he attempted to exhaust his administrative remedies, but such process was obstructed by prison officials.

## Analysis

A petitioner may attack the manner in which his sentence is being executed in the district court with jurisdiction over his custodian pursuant to 28 U.S.C. § 2241. United States v. Cleto, 956 F.2d 83, 84 (5th Cir.1992). Under the allegations of the instant habeas, it is clear that petitioner is not challenging the Bureau of Prisons' execution or calculation of his federal sentence. He is complaining about the respondents "encumbering," incorrectly calculating and improperly withdrawing funds from his inmate account as a result of his financial responsibility under the Prison Litigation Reform Act. These claims are not the proper subject of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. See Pierre v. United States, 525 F.2d 933, 935 (5th Cir.1976) ("[H]abeas is not available to review questions unrelated to the cause of detention." The "sole function" for a habeas action "is to grant relief from unlawful imprisonment or custody and it cannot be used properly for any other purpose."). Consequently, this petition for habeas corpus relief pursuant to 28 U.S.C. § 2241 will be dismissed with prejudice without an evidentiary hearing.

Conclusion

As stated above, the petitioner cannot proceed with this petition for habeas corpus relief filed pursuant to 28 U.S.C. § 2241 attacking the alleged unlawful action of the respondents concerning the calculation and withdrawal of the petitioner's funds from his inmate account based on the Prison Litigation Reform Act. Therefore, this petition filed pursuant to § 2241 will be dismissed with prejudice without an evidentiary hearing.

SO ORDERED this the ___28th___ day of January, 2009.

                                          ___s/ David Bramlette_____
                                          UNITED STATES DISTRICT JUDGE